IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Carl Muhammad, aka Carlos Royster    :        CIVIL ACTION
                                     :
        v.                           :
                                     :
Mr. Freddie Harris, Parole Agent,    :
*et al.*                             :        NO. 08-5937

**MEMORANDUM**

Fullam, Sr. J.                                              September 9, 2009

The plaintiff filed a *pro se* complaint alleging that the Parole Board and two of its agents violated the plaintiff's Fifth and Fourteenth Amendment rights and unlawfully detained (falsely imprisoned) him.  After the defendants filed a motion to dismiss, counsel was appointed for the plaintiff, and the motion has been opposed.

The motion to dismiss the federal claims will be granted.  The complaint alleges that the plaintiff has been wrongly imprisoned, and success in this action "would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-81 (2005).  Therefore, the claim cannot proceed unless the proceedings have been terminated in his favor, as required by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).  "The duration of [the plaintiff's] confinement after he was arrested on the parole violator warrant has never been reversed on direct appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*, and he, therefore, has not

satisfied Heck's favorable termination rule." Connolly v. Arroyo, 293 Fed. Appx. 175, 177-78 (3d Cir. Sept. 18, 2008) (not precedential). Under these circumstances, the plaintiff cannot proceed in a civil suit under § 1983, but instead would need to file a petition for a writ of *habeas corpus*. Id. at 178 n.2.

To the extent that the plaintiff alleges claims under state law, I decline to exercise supplemental jurisdiction in the absence of a cognizable claim under § 1983. Those claims will be dismissed without prejudice.

An appropriate order will be entered.

BY THE COURT:


/s/ John P. Fullam
Fullam,            Sr. J.